**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**MARIA L. JARAMILLO,**

      **Plaintiff,**

v.                                                **No. CV 11–0341 JAP/LAM**

**SOCIAL SECURITY ADMINISTRATION,**
Michael J. Astrue, Commissioner of the Social
Security Administration,

      **Defendant.**

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
WITH FINANCIAL AFFIDAVIT PURSUANT TO 28 U.S.C. § 1915
AND DIRECTING SERVICE**

**THIS MATTER** is before the Court on Plaintiff's *Motion to Proceed In Forma Pauperis With Financial Affidavit Pursuant to 28 U.S.C. § 1915* (*Doc. 2*), filed on April 26, 2011, and on United States Magistrate Judge Wormuth's *Order* (*Doc. 6*), entered on May 2, 2011, in which he states that Plaintiff's Complaint and motion do not "set forth any basis on which the Court may evaluate whether she has a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." [*Doc. 6* at 1] (citing *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)) (internal quotation marks omitted).[1] Judge Wormuth ordered Plaintiff to either file an amended complaint or additional briefing presenting "Plaintiff's argument on the law and facts in support of the issues raised." [*Doc. 6* at 2]. On June 2, 2011, Plaintiff filed her response to Judge Wormuth's order, stating that her complaint sets forth sufficient facts for the Court to evaluate whether she has presented a reasoned, non-frivolous argument. [*Doc. 10* at 2-3]. Specifically,

---

[1] On May 20, 2011, this case was reassigned to United States District the Honorable James A. Parker, and Judge Parker referred the case to the undersigned for recommended findings and final disposition. *See* [*Docs. 8* and *9*].

Plaintiff states that her Complaint alleges that Plaintiff had filed a claim for social security disability benefits, which was denied, that Plaintiff exhausted her administrative remedies, and that the decision denying benefits is both unsupported by substantial evidence and fails to apply the correct legal standards.  *Id.* at 3.  Plaintiff further states that her Complaint alleges that the decision is erroneous because "the ALJ's RFC and credibility determinations are contrary to substantial evidence and fail to apply the appropriate legal standards, [and] the ALJ's step-four and step-five findings do not amount to substantial evidence and are the result of findings by the ALJ which are contrary to the relevant legal standards."  *Id.* at 2-3; *see also* [*Doc. 3* at 1-2].

The Court has considered the Complaint and Plaintiff's response to Judge Wormuth's order, and finds that Plaintiff has presented a sufficient basis for the Court to determine that she has a reasoned, nonfrivolous argument that the Commissioner's final decision is erroneous.  Under 42 U.S.C. § 405(g), Plaintiff may seek review of the Commissioner's decision on two grounds – (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the decision comports with relevant legal standards.  *See Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991).  In her Complaint, Plaintiff alleges that there is not substantial evidence to support the Administrative Law Judge's RFC and credibility determinations and step-four and step-five findings, and that the Administrative Law Judge failed to apply the appropriate legal standards.  The Court finds that these allegations present a sufficient reasoned, non-frivolous argument under 42 U.S.C. § 405(g).  When the Social Security Administration is served, it will file a copy of the transcript of the record, including the evidence upon which the findings and decision are based (*see* 42 U.S.C. § 405(g)), and Plaintiff will be ordered to file a motion to reverse or remand to the Social Security Administration with a supporting memorandum of law and citation to the record, at which time Plaintiff will be able to elaborate on the claims made

in her Complaint. However, the Court finds that Plaintiff's allegations in her Complaint are sufficient at this stage of the proceedings and finds no authority indicating that such allegations are frivolous.

For the reasons stated above, the Court finds that Plaintiff's Complaint contains a sufficiently reasoned, nonfrivolous argument in support of her claims. Further, the Court has considered Plaintiff's *Motion to Proceed In Forma Pauperis With Financial Affidavit Pursuant to 28 U.S.C. § 1915* (*Doc. 2*), which incorporates Plaintiff's affidavit regarding her financial status, and relevant law, and **FINDS** that the motion is well-taken and should be **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Proceed In Forma Pauperis With Financial Affidavit Pursuant to 28 U.S.C. § 1915* (*Doc. 2*) is **GRANTED**, and Plaintiff is authorized to proceed in this action without prepayment of fees or security therefor pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the summons and the complaint in this action on the United States Attorney for the District of New Mexico, the Attorney General of the United States, and the Commissioner of Social Security.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**